UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE


REECE C. LOUDERMILK #213010    )
                               )
v.                             )        NO. 2:03-CV-461
                               )
HOWARD CARLTON, Warden         )


**<u>MEMORANDUM OPINION</u>**

Reece C. Loudermilk, through his attorney, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under his 1992 state court convictions. The case is now before the Court on an unopposed motion for summary judgment filed by the Attorney General for the State of Tennessee on behalf of the respondent. [Doc. 11].

The summary judgment procedure is a device for promptly disposing of actions in which there are no genuine issues as to any material facts. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court **FINDS** that this case is susceptible to a summary disposition.

## I. Procedural Background

On October 13, 1992, the petitioner entered pleas of *nolo contendere* in the Criminal Court for Sullivan County, Tennessee to four counts of aggravated rape and two counts of aggravated sexual battery. He was convicted of these crimes and, subsequently, he was sentenced to an effective 35-year term of imprisonment as a Range I offender. He did not seek direct review.

The petitioner filed a *pro se* petition for post-conviction relief and several amended petitions. He hired an attorney, who later withdrew, and, thereafter, the Public Defender was appointed to represent the petitioner. With aid of his Public Defender lawyer, he submitted a final amended post-conviction petition, alleging, as grounds for relief that he had had ineffective assistance of counsel and that his pleas were invalid. The case was summarily dismissed, but reversed on appeal and remanded for an evidentiary hearing.

2

*Loudermilk v. State*, No. 03C01-9810-CR-00352, 1999 WL
1038222 (Tenn. Crim. App. Nov. 17, 1999).

Upon remand, the trial court held an evidentiary
hearing and, once again, dismissed the petition. This
time, the Tennessee Court of Criminal Appeals affirmed,
and the Tennessee Supreme Court declined further review.
*Loudermilk v. State*, No. E2001-03060-CCA-R3-PC, 2002 WL
1008647 (Tenn. Crim. App. Sept. 3, 2002), *permission to
app. denied* (Tenn. 2002).

The petitioner now brings this instant petition,
seeking a writ of habeas corpus and listing several
reasons as to why his pleas were unconstitutionally
obtained and his attorney was ineffective.[1]

## II. Discussion

A. ***Involuntary Guilty (Nolo Contendere) Pleas.***

Before accepting a guilty plea, a court is
required, under *Boykin v. Alabama*, 395 U.S. 238 (1969),
to determine whether a defendant understands that he is

---

[1] The petitioner listed four issues to support his
plea challenge. However, two of those issues are
intertwined with his claim that he had ineffective
assistance which caused his plea to be involuntary.
For the sake of clarity, those two issues will be
addressed in the part of the discussion which deals
with the ineffectiveness claim.

3

waiving his right to a trial by jury, his right to confront the witnesses against him, and his privilege against self-incrimination. *Id.* at 243-44. Whether a plea is voluntarily and intelligently entered depends upon the particular facts and circumstances of each case. *See Brady v. United States*, 397 U.S. 742, 749 (1979). A defendant must be sufficiently aware of the relevant circumstances, as well as the probable and direct consequences of his plea, *id.* at 748, and he must have "real notice of the true nature of the charge against him." *Henderson v. Morgan*, 426 U.S. 637, 645 and (1976). *See Marshall v. Lonberger*, 459 U.S. 422, 431 (1983) ( "A guilty plea...cannot be truly voluntary if the defendant 'has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.'")(citing *Henderson*, 426 U.S. at 645 n. 13)). The constitutional standards which determine whether a plea of *nolo condendere*[2] is valid are the same ones which apply to a guilty plea. The validity of

---

[2] A *nolo contendere* plea is viewed—not as an express admission of guilt, but as a consent by a defendant that he may be punished as if he were guilty. *North Carolina v. Alford*, 400 U.S. 25, 36 n.8 (1970).

either type of plea depends upon whether it is entered voluntarily, knowingly and intelligently. *North Carolina v. Alford*, 400 U.S. 25 (1970); *Chene v. Abramajtys*, 76 F.3d 378, 1996 WL 34902, *2 (6th Cir. Jan. 29, 1996); *Hoffman v. Jones*, 53 Fed.Appx. 342, 343, 2002 WL 31863823, *2 (6th Cir. Dec. 17, 2002).

In support of his contention that his pleas were involuntary, the petitioner makes the arguments which follow.

1. *The Petitioner did not understand the elements of the offenses charged*. During the petitioner's post-conviction proceedings, as part of his claim of ineffective assistance of counsel, he maintained that his attorney did not explain each charge and indictment.[3] The post-conviction court determined that the petitioner knew the elements of the offenses, as evidenced by his testimony at the evidentiary hearing.

---

[3] Three two-count indictments were returned against the petitioner. The first one alleged two counts of aggravated rape of the niece; the second charged one count of aggravated sexual battery of the niece and an additional count of aggravated rape of the niece; and the third indictment alleged one count of aggravated rape and one count of aggravated sexual battery of his daughter.

However, the petitioner did not present the "elements" facet of his challenge to his guilty plea in his post-conviction appellate brief, though in his pleadings attached to the brief, he insisted (again, as part of the ineffectiveness claim) that counsel did not explain each charge and indictment. A habeas petitioner must exhaust his federal claims by offering them first to the state courts, 28 U.S.C. § 2254(b)(1)(A), and by pressing the same claim in state courts that he presents to the federal courts. *Picard v. Connor*, 404 U.S. 270, 276 (1971). His failure to do so amounts to a procedural default which bars review by a federal court unless he shows both cause to excuse his failure and actual prejudice to him. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (petitioner required to show cause and prejudice where his habeas claim rested upon separate and distinct theory from theory presented in state courts). *See also Anderson v. Harless* , 459 U.S. 4, 6, 1982 (per curiam) (presenting all facts before state courts insufficient; state courts must be offered fair opportunity to apply controlling legal principles to facts bearing on

constitutional claim). A claim of ineffective assistance of counsel is not the same as a claim that a plea is involuntary. No cause and prejudice has been alleged, much less shown, and, accordingly, federal review of this issue would be barred, if the respondent has chosen to rely upon the procedural default defense. *See, e.g., Perruquet v. Briley*, 390 F.3d 505, 519 (7th Cir. 2004) (observing that, ordinarily, a respondent's failure to raise a defense in a timely manner results in a forfeiture of the defense).

Assuming that the petitioner's allegation that counsel failed to explain the nature of the charges was sufficient to exhaust the petitioner's involuntary-plea claim, the Supreme Court has observed:

> "Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."

*Marshall v. Lonberger*, 459 U.S. 422, 436 (1983) (quoting *Henderson v. Morgan*, 426 U.S. 637, 647 (1976).

7

The presumption that counsel has explained the nature of the charges to an accused prior to his admission of guilt is an appropriate one to apply here, given the petitioner's signed statement, in which he acknowledged that his attorney had advised him of "all aspects of the charges against me." [Addendum No. 10, Exh. 7]. Although the petitioner testified, at the evidentiary hearing, that he did not read various documents he had signed, the post-conviction court determined that he was not credible and was "willing to say whatever he needs to say to get out" of prison. [Addendum No. 9, Order entered November 21, 2001]. A state court's credibility finding is entitled to special deference by a federal habeas court. *Patton v. Yount*, 467 U.S. 1025, 1038 (1984). Additionally, the petitioner acknowledged that counsel explained to him "to a certain extent" the first indictment which charged aggravated

rape of his niece.[4]    [Addendum No. 10, Post-Conviction Hr'g T. at 7-8].

    The Supreme Court has suggested that notice of the nature of a charge does not always require a description of every element of an offense. *Henderson*, 426 U.S. at 645 n. 18; *accord, Bargas v. Burns*, 179 F.3d 1207, 1215 (9th Cir. 1999). And, it has found guilty pleas to be voluntary in the absence of such a description. *See Marshall*, 459 U.S. at 436-38. Accordingly, if this claim was exhausted, it does not entitle the petitioner to relief unless the adjudication of the claim resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

---

[4] At the time of his pleas, the petitioner was serving a sentence in the prison system in the State of Virginia based on a conviction for aggravated sexual battery of his niece (who was also one of the two victims in the Tennessee cases).

9

In this case, the post-conviction court's finding that the petitioner was aware of the elements was none of these things because the record evidence, including the testimony at the post-conviction hearing, indicates that the petitioner was aware of the nature of the charges to which he was entering his pleas of *nolo contendere*.

2. *The petitioner did not understand the sentence structure to which he pled*. The Court assumes that this claim is the one raised in the petitioner's initial *pro se* petition for post-conviction relief since his attorney-filed § 2254 petition offers no explication of this claim.

In state court, the petitioner claimed that the state court imposed an "illegal sentence structure" by sentencing him to 35 years as a Range I offender, when he should have been sentenced as a Range II offender.[5] [Addendum No. 1, Amd. Pet. for Post-Conviction Relief at

---

[5] The Court assumes that the petitioner intended to argue that he should have been sentenced as a Range I offender, which according to him, would have entailed a sentence of 1 to 25 years, but that he was actually sentenced as a Range II offender, which covers a sentence of 25-40 years, because he received an effective 35-year sentence.

2]. He based this claim on state law, citing to state court cases, though he did make a passing reference to a Supreme Court case.[6] [*Id*. at 7-8]. A petitioner must raise present a claim to state courts as a federal constitutional issue; raising it as a state law violation does not exhaust it. *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). To the extent that a constitutional claim has been presented in the habeas petition, it was not presented in the same context in state court. The failure to offer the state courts the same claim offered to this Court constitutes a procedural default. No cause and prejudice has been offered. Federal review would no be precluded, had procedural default been asserted by the respondent.

Even if not procedurally defaulted, however, this sentencing claim concerns only an issue of state law. As such, it is not cognizable in these proceedings. This is so because a federal habeas court does not sit to review

---

[6] The petitioner cited to *Miller v. Florida*, 482 U.S. 423 (1987). In *Miller*, the Supreme Court held that it violated the ex post facto clause of the Constitution to apply a revised sentencing scheme to a defendant whose crime was committed before the revision was enacted.

matters purely of state law.  *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

B. **Ineffective Assistance of Counsel**.

The seminal case for evaluating an ineffectiveness claim is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court established a two-prong test for judging ineffectiveness claims. It held that, to establish ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Id.* at 693. To demonstrate deficient performance, the petitioner must show that his counsel's representation fell below an objective standard of reasonableness on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 688, 693-94. A reviewing court's scrutiny of counsel's performance is highly deferential and it must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance." *Id*. at 689. To show prejudice, in a guilty plea context, a petitioner

12

must demonstrate that there is a reasonable probability that, but for his attorney's unprofessional errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Unless there is a likelihood of a successful defense to the charge, no alleged error by counsel is a basis for relief. *Id.* at 59.

1. *The petitioner was led to believe, by counsel, that he would receive a sentence of 120 years if found guilty by the jury. This false information coerced him into pleading nolo contendere.* In state court, the petitioner alleged that Attorney William S. Todd, who represented him, told him he faced a 200-year sentence if he did not accept the plea. [Addendum No. 11, Amd. Pet. for Post-Conviction Relief at ¶A.2, filed Sept. 21, 2000]. The petitioner testified accordingly at his evidentiary hearing, as did his the attorney who represented him in his pre-plea and plea proceedings. [Addendum. No. 10, Post-Conviction Hr'g T. at 10 and 108.] The post-conviction court found that the effective 35-year sentence which he received as part of his plea bargain was "pretty much of a deal" and a reasonable

alternative to trial since he faced a maximum effective sentence of 125 years.

When the petitioner raised his claim in the Tennessee Court of Criminal Appeals, that court cited to *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1995) [7] and to *Strickland*, before going on to find that, since the petitioner still faced the possibility of 125 years and since he had not shown that, if he had known this, he would have insisted on going to trial, he had not demonstrated that counsel was ineffective.

The Court finds, as an initial matter, that the petitioner has changed the factual basis of his claim by alleging in his habeas petition that counsel told him he would receive a sentence of 125 years, whereas in state court he alleged (and so testified at the hearing) that counsel informed him that he would receive a sentence of 200 years. Therefore, because the petitioner did not fairly present this claim for resolution to the state

---

[7] In *Baxter*, the Tennessee Supreme Court held that a defendant who claims ineffective assistance must show that counsel's advice or services fell below the range of competence demanded of attorneys in criminal cases. *Baxter*'s analysis is the equivalent of the performance-prong of the *Strickland* test.

courts by offering it on the same factual and legal bases as it is presented here, *Pillette v. Foltz,* 824 F.2d 494, 497-98 (6th Cir. 1987), it has been procedurally defaulted. The petitioner has presented nothing by way of cause and prejudice to overcome a procedural default, has such a defense been asserted.

If, however, this particular claim was exhausted in the state courts, this Court can relief only if the state court's decision with respect to the claim was contrary to, or an unreasonable application of, the governing Supreme Court precedent or an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The state court's decision is not contrary to the controlling rule in a Supreme Court case because it examined this claim (and the remaining claims), under *Strickland*. Thus, the question is whether it was it an unreasonable application of *Strickland* for the state court to decide that any deficiency of performance with respect to this issue, in effect, did not result in prejudice.

It was not. The state court record includes nothing found credible by those state courts to show

15

that, had the petitioner known that he risked a maximum sentence of 125 years instead of 200 years, he would have rejected the offer of thirty-five years; refused to enter pleas of *nolo contendere*; and stood trial. The finding of "no prejudice" was not an objectively unreasonable application of Supreme Court law by the state court.

2. *The petitioner was led to believe, by counsel, that he would be released from prison after serving 35% of his sentence.* At the evidentiary hearing, the petitioner testified that the discussion about percentage of the sentence he would be required to serve was 30 percent, stating specifically that he did not recall 35 percent ever being discussed. [Addendum No. 10, Post-Conviction Hr'g T. at 43]. While gross misadvice concerning parole eligibility can amount to ineffective assistance of counsel, *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988), the petitioner's own testimony eviscerates the § 2254 claim. [8] Moreover, the state appeals court also found that the petition had not show

_____

[8] Though the "percentage" claim was not included in his brief or other filings on appeal and though it seems clear that the claim was procedurally defaulted, once again, the respondent did not assert this defense.

16

that a 30% release eligibility date was inaccurate. *Loudermilk*, 2002 WL 2008647, *4. As evident from the foregoing, the petitioner was not denied ineffective assistance in the entry of his plea by his attorney's purported misadvise about his parole eligibility. To the extent that this consecutive/concurrent sentencing claim was subsumed in the state courts' overall adjudication of the ineffective-assistance issues, the resulting decision was not an objectively unreasonable application of *Strickland*.

3. *Counsel failed to obtain adequate pre-trial discovery, including a critical laboratory report and medical examinations of the alleged victims. Counsel failed to investigate the facts underlying the charges, including the financial motives of his former wife in bringing against him charges involving their daughter. Counsel offered the petitioner's former wife (through the petitioner) a deed to their real estate property if she would agree to concurrent sentences for the petitioner.*

The state appeals court found that counsel's pre-trial preparation including the filing of discovery motions, meetings with the prosecutors, the acquisition

of medical records and of a transcript of the petitioner's Virginia trial, and evaluating the substance of the victims' statements. It further found that the petitioner's attorney met with his client and his client's family on numerous occasions and explained the relevant issues relating to the petitioner's case. Pointing out that counsel assessed the evidence against the petitioner as overwhelming (he estimated his chance of winning the case was "between zero to nil")[9] and that he negotiated with the prosecutor for six weeks, until he secured an offer of an effective 35-year sentence as a Range I offender—a substantial reduction from the initial offer made by the prosecutor, the state court did not find that counsel's performance in this regard was deficient.

With respect to the claim that counsel did not conduct an adequate investigation into the charges, the post-conviction court noted that the laboratory report was not in the record and that there was not enough

_____

[9] The petitioner himself testified that he "kind of had the feeling that [he] didn't have no grounds to stand on...." [Addendum No. 10, Post-Conviction Hr'g T. at 58].

information to determine whether counsel should or could have done anything further. It did note that counsel testified that he had examined the files, including the reports and physicians reports, and it resolved conflicts in the testimony regarding counsel's preparation and conversation with his client or his family against the petitioner, finding that the petitioner was "not believable." The post-conviction court did not conclude that there was any deficiency of performance. The state appeals court did not find any deficiency of performance; and it also found (implicitly) "no prejudice" by determining that the petitioner had not shown that, absent the alleged errors, he would not have entered the pleas.

The post-conviction court addressed the claim that the petitioner's former wife had a financial motive in pressing criminal charges against the petitioner. It found that there was proof that, before the charges were brought, the petitioner's ex-wife had made statements that she wanted a different disposition of the farm. (A portion of the family farm had been sold to the sister of his former wife—who was the mother of the niece victim,

19

and the petitioner presented evidence that his ex-wife wanted to sell the entire property to her sister.)  It also observed that nothing had been offered to show that counsel could have found out about the conversations, unless someone had told him, concluding that counsel's performance in this regard had not fallen below an objective standard of reasonableness.

Under the appropriate standards of review, including the presumption of correctness afforded to the state court's findings of fact, the determination of the state courts that counsel did not render ineffective assistance in any of these instances was not unreasonable.  Therefore, the petitioner cannot be afforded habeas corpus relief with regard to these claims.

4. *Counsel misled the petitioner regarding his release dates from prison, and regarding the consecutive nature of the sentences*. Counsel testified at the post-conviction hearing that he explained concurrent and consecutive sentences to the petitioner in words which could be understood by the petitioner, explaining to him that consecutive sentences would be served "one after the

other and"that concurrent sentences would be served "all at the same time."[Addendum No. 10, Post-Conviction Hr'g T. at 97]. Counsel further testified that he tried to put it down to lower limbs where people can get to it real easily." [*Id.*]. The post-conviction court did not find found any ineffectiveness with respect to the concurrent/consecutive issue regarding the sentences, though it did find that the words "consecutive" and "concurrent" were not necessarily within the petitioner's understanding. It did not conclude that the petitioner had ineffective assistance of counsel with regard to this issue.

This Court can think of no terms that are more simple to explain the meanings of concurrent and consecutive sentences than those employed by counsel. The Court has viewed the record facts (including the post-conviction court's credibility findings with respect to the petitioner's testimony) and the applicable law through AEDPA's deferential lens and is satisfied that the petitioner's claim was resolved by the state court in a manner that was not an unreasonable application of the *Strickland* standard, nor an unreasonable determination in

light of the facts placed before it.  Therefore, he is not entitled to habeas corpus relief on this claim either.

### III.  Conclusion

The Court finds that there is no genuine issue of material fact and that the respondent is entitled to judgment as a matter of law.  Accordingly, the respondent's motion for summary judgment will be granted and this petition will be dismissed.

A separate order will enter.

ENTER:


  s/Thomas Gray Hull
        THOMAS GRAY HULL
     SENIOR U. S. DISTRICT JUDGE